UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAXINE HOPKINSON, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>DOMINIC MARROCCO,<br><br>　　　　　　　　　　Defendant. | Case No. 2:19-cv-00358-JCM-GWF<br><br>ORDER |

Presently before the court is plaintiffs Maxine Hopkinson, Michael Terpin, and Royal Paradise LLC's (collectively, "plaintiffs") motion to remand. (ECF No. 6). Defendant Dominic Marrocco ("Marrocco") filed a response (ECF No. 7), to which plaintiffs replied (ECF No. 10).

**I.    Facts**

This action arises from breach of contract claims concerning real properties located at 6740 and 6760 Tomiyasu Lane in Las Vegas, Nevada. (ECF No. 3 at 6). Plaintiffs allege that they entered into an agreement with Marrocco for the sale of the two properties, but that Marrocco later refused to complete the transaction unless plaintiffs paid more than the contracted price. *Id*. at 12–13.

On December 31, 2018, plaintiffs filed a complaint in Nevada state court against Marrocco and three other defendants. (ECF No. 6 at 5). On February 28, 2019, Marrocco filed a notice of removal to federal court. *Id*. at 6. Marrocco is a citizen of the United Kingdom. (ECF No. 3 at 2). Defendants Wolfe Thompson, 6750 TL Series, and Tomiyasu Holdings are citizens of Nevada. *Id*. at 5.

On March 13, 2019, plaintiffs submitted a motion to remand, which the court now addresses. (ECF No. 6).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id*. at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id*. at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III. Discussion

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states. *See* 28 U.S.C. § 1332(a). However, the forum defendant rule confines removal based on diversity jurisdiction to "instances where no defendant is a

citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Here, the plaintiffs filed this action in Nevada state court and at least one defendant is a citizen of Nevada. (ECF No. 3 at 5–6). Therefore, the forum defendant rule bars the court from exercising jurisdiction over this case. *See Lively*, 456 F.3d at 939.

Plaintiffs also included in their motion to remand a request for attorney's fees. (ECF No. 6 at 8). Because plaintiffs must file such a request separately, the court will not consider an award of attorney's fees in the instant motion. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Hopkinson et al v. Marrocco*, case number 2:19-cv-00358-JCM-GWF, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED THIS 18th day of July 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE